## JOHN PARKS, JR., *vs.* THE STATE OF MARYLAND.

*Appeal—Exception Failing to Show Result of Ruling of Trial Court—Evidence to Discredit Witness.*

A. and B. were jointly indicted for a crime. A severance in the trial was granted, and A. was found guilty. When B. was put on trial, the same jurors were called who had found A. guilty, whereupon B. objected to their competency, but the trial Court overruled the objection and put the jurors upon their *voir dire,* to which ruling B. excepted. The record does not show that any of these jurors were on the panel that afterwards tried and convicted B. *Held,* that, if it be assumed that these jurors should not be called, yet, since it does not appear that any of them were accepted and served as jurors on the trial of B., he has not shown that he was injured by the ruling of the trial Court.

When the prosecuting witness testifies that A. knocked him down and held him while B. robbed him of money, a letter previously written by the witness stating that he could not say positively which of the two men knocked him down, is admissible in evidence for the purpose of discrediting his testimony.

*Decided June 22nd, 1910.*

Appeal from the Circuit Court for Worcester County (HOLLAND, J.).

The cause was argued before BOYD, C. J., PEARCE, BURKE, THOMAS, PATTISON and URNER, JJ.

*John H. Handy,* for the appellant.

*Isaac Lobe Straus, Attorney-General,* for the appellee.

BURKE, J., delivered the opinion of the Court.

On October 30, 1908, John Parks, Jr., and John Davis were jointly indicted by the Grand Jury of Worcester County for the crime of robbery. A severance was granted, and Davis was tried by a jury and convicted. The appellant was subsequently tried, convicted and sentenced to be confined in the Maryland Penitentiary for the term of three years.

The record before us contains two bills of exception. The first seems to relate to the competency of the jurors selected to try the case, and the second relates to the refusal of the Court to admit certain evidence. The record shows that the jurors, who had tried the case of Davis were called. Whereupon counsel for the accused objected to the competency of any of the jurors who had tried and convicted Davis to sit as jurors in the trial of the appellant, upon the ground that they were wholly disqualified having tried and convicted Davis for the same offense for which the appellant was with him jointly indicted. After this objection had been made, the record contains this statement: "But the Court overruled the said objection, and put the said jurymen who had found Davis 'guilty' one after another upon their *voir dire*. To which ruling and decision the prisoner excepted. etc."

The record does not show what was the result of the examination of the jurors, nor does it show that any of those objected to were accepted or sat in the trial of the case. If it be conceded that it was error in the Court to have examined them upon their *voir. dire,* it is not shown for the reason stated, that any harm was thereby done the appellant. It may well be that each of said jurors disqualified himself upon his examination. If such in fact were not the case, and if any of those who were objected to did sit in the trial of the appellant the record does not show it, and therefore, the question intended to be raised is not before us, as it does not appear by the record to have been decided by the lower Court.

There was serious error in the ruling in the second exception. The prosecuting witness, Edward Mullen, who appears to have been the only witness produced on the part of the State, testified that John Parks, Jr., and John Davis decoyed him into a lonely place, and that Parks struck him a heavy blow on the head from behind, and felled him, and held him whilst Davis went through his clothes and robbed him of his money, and that these two pulled him into the adjacent woods and left him. On cross-examination Mullen was shown a letter dated October 25th, 1909, addressed to William F. Johnson, who was then the State's Attorney for Worcester County, and was asked if he had written that letter. He said he had, and that the signature thereto was his.

The letter was as follows: "Pocomoke City, 10/25, 1909. Mr. William F. Johnson. My dear sir: Pending my case against John Parks and John Davis I wish to say while I was hurt very badly by one of them I cannot say positively which one did it, and to save me further expense as I know it will be without any effect I wish to cancel the case without any further procedure. Yours truly, Edward F. Mullen. Witness E. S. Hargis."

The Court upon the objection of the State refused to allow the defense, to introduce this letter in evidence. The State was relying wholly upon the testimony of Mullen for conviction, and it was the right of the accused to offer any proper evidence to discredit, or weaken his testimony. One of the most usual ways of impeaching the credit of a witness is to show that he has made statements inconsistent with his testimony at the trial. The familiar rule is stated by Mr. *Greenleaf on Evidence,* 1 vol., sec. 462, to be that "the credit of a witness may also be impeached by proof that he has made *statements out of Court contrary to what he has testified at the trial."*

The statement contained in the letter that he did not know who hurt him is directly in conflict with his testimony

that Parks struck him a heavy blow on the head and felled him, etc. The letter should have been put in evidence, and upon re-examination the State would have been at liberty to explain to the jury the circumstances under which it was written.

For the error committed in refusing to permit this letter to be read in evidence, the judgment must be reversed and a new trial awarded.

*Judgment reversed and a new trial awarded.*